JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINHAN ZHANG, | Case No. CV 25-11545-FMO (DFMx) |
| Plaintiff, | |
| v. | **ORDER RE: DISMISSAL WITHOUT PREJUDICE** |
| DIR LA DIST, <u>et</u> <u>al.</u>, | |
| Defendants. | |

The court has reviewed and considered the parties' Second Stipulation for Extension of Time to Respond to Initial Complaint ("Stipulation"). The parties request an additional extension of time "because the United States Citizenship and Immigration Service ('USCIS') issued a Notice of Intent to Deny ('NOID') on March 11, 2026, and the response to the NOID is due no later than April 13, 2026. The additional time will also allow Defendants to review the responsive evidence submitted and take the next adjudicative steps on the application." (Dkt. 18, Stipulation at 1). In other words, the agency has begun to adjudicate plaintiff's application, which was precisely the relief sought through plaintiff's complaint. (<u>See</u> Dkt. 1, Complaint at ¶ 23) ("Plaintiff does not seek an order mandating that his application be approved; Plaintiff requests only that the Court compel the Secretary to discharge their duty to adjudicate Plaintiff's application without unreasonable delay.").

In the court's experience with numerous similar requests in recent mandamus actions challenging similar delays, the assignment of a case to relevant agency personnel and the initiation of adjudication generally leads to the resolution of the parties' dispute without the need for further intervention by the court.  However, staying or prolonging cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports or delayed pleadings or motions.  It also increases the burden on the parties to prepare further filings, seek further extensions, or seek dismissal of a stayed case upon resolution of the matter.  It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further court intervention becomes necessary.  The court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future action if this matter resolves without the need for further court intervention.

Based on the foregoing, IT IS ORDERED THAT this action is **dismissed without prejudice** to any party seeking to vacate this Order and reopen the action nunc pro tunc in the event that plaintiffs are unable to receive a determination in the time contemplated by the parties. Dated this 31st day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge